UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF AMEN, | No. 2:17-cv-0717 AC P |
| Petitioner, | |
| v. | ORDER |
| COLUSA COUNTY SUPERIOR COURT, | |
| Respondents. | |

Petitioner, a county prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. ECF No. 5. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Petitioner alleges that he has been denied his custody credits and that his attorney has done nothing to assist him in receiving all the credits to which he is entitled. ECF No. 1 at 1. It appears that petitioner may be attempting to allege a violation of his due process rights. However, the facts as alleged fail to state a claim for relief. Since petitioner may be able to amend the petition to add information that would support a claim for violation of his due process rights, he will be given leave to amend. In order to demonstrate a due process violation, petitioner will need to show that he notified jail officials that his sentence was being improperly calculated and he was denied "a meaningful hearing at a meaningful time." Haygood v. Younger,

1

769 F.2d 1350, 1356 (9th Cir. 1985) (citing Mitchell v. W.T. Grant Co., 416 U.S. 600, 611 (1974); Armstrong v. Manzo, 380 U.S. 545, 552 (1965); Ingraham v. Wright, 430 U.S. 651, 674 (1977)).

In addition to failing to state a claim as currently pled, the petition indicates that petitioner has failed to exhaust his state court remedies. ECF No. 1 at 5-7. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus unless "there is an absence of available State corrective process" or circumstances make the process ineffective to protect a petitioner's rights. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

The Ninth Circuit has held that a petitioner may seek a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), to preserve the filing date of his federal petition, even when the petition contains only unexhausted claims. Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016). In order to obtain a stay under Rhines, petitioner must show that (1) good cause exists for his failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) there has been no indication that petitioner has intentionally delayed pursuing the litigation. Rhines, 544 U.S. at 277-78.

If petitioner chooses to amend the petition to attempt to state a claim, then he must notify the court in the petition that he has in fact exhausted his state court remedies by presenting his claims to the California Supreme Court or that state court remedies are unavailable. If petitioner cannot show that he has exhausted his state court remedies or that they were unavailable, he may instead move for a stay and abeyance under Rhines at the same time he files the amended petition. If the amended petition states a ground for relief and petitioner fails to show that he

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

exhausted his claims or move for a stay, the court will proceed to order service of the petition without a stay.  Petitioner is advised that if he proceeds without addressing the exhaustion of his state court remedies, based on his representation that the petition is fully unexhausted, the entire petition will be subject to dismissal as unexhausted absent the state's express waiver of exhaustion and it is likely that the petition will ultimately be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 5) is granted.

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days of service of this order.  Any amended petition must bear the case number assigned to this action and the title "Amended Petition."

3. Within thirty days of service of this order, petitioner shall either (1) advise the court that he has exhausted his state court remedies or that they were unavailable to him or (2) file a motion for stay and abeyance under <u>Rhines</u> while he returns to state court to exhaust his state court remedies.

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: June 28, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE